Attorney No. 90909

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

Jaime Hernandez d/b/a Aztec Trucking, Inc.;  )
Peter Nelson d/b/a Nelson Trucking;  )
Robert Sanderson d/b/a Sanderson Trucking;  )
Connie Shaw d/b/a Tex's Trucking, Inc.;  )
James Williams d/b/a J&W Auto Parts & Sales,  )
Inc.; John Howell, d/b/a Howell Trucking,  )
Limited; and Clemon Lacy, d/b/a Lacy Enterprises,  )
)
Plaintiffs,  )
)
v.  )
)
City of Chicago, Tom Kness, (former Hired Truck  )
Program Director); Paul Volpe (former Budget  )
Director- OBM); and Mayor Richard M. Daley,  )
)
Defendants.  )

*dismiss*

No. 07 CH 26147

Judge Leroy K. Martin, Jr.

## DEFENDANTS' MOTION TO DISMISS PURSUANT TO SECTION 2-619.1

Defendant City of Chicago (the "City") and Defendants Tom Kness, Paul Volpe, and

Mayor Richard M. Daley, all named in their official capacities (collectively, the "Defendants"),

by their attorney, Mara S. Georges, Corporation Counsel, respectfully move this Court to dismiss

Plaintiffs' Complaint pursuant to Illinois Code of Civil Procedure Sections 2-619.1, 2-619, and

2-615. In support of this motion, Defendants state as follows:

1.      Plaintiffs are seven trucking companies, including Aztec Trucking, Inc., that,

are being represented, pro se, by the President of Aztec Trucking, Inc., Jaime Hernandez.

2.      Mr. Hernandez has filed a one-page, handwritten, pro se complaint on behalf of

his trucking company, Aztec Trucking, Inc. and the rest of the plaintiff trucking companies.

3.      Plaintiffs' one-page, handwritten complaint contains no separate causes of action

no numbered paragraphs, and no prayers for relief.

4.     Plaintiffs' Complaint appears to relate to Plaintiffs' participation in and the termination of the City's Hired Truck Program. As discussed below, Plaintiffs' complaint contains no legally cognizable claim.

I.     <u>2-619 Motion to Dismiss:</u>
**Plaintiff Companies Cannot Be Represented Pro Se; As a Consequence, Their Complaint Should Be Dismissed and Is Null and Void *Ab Initio*.**

5.     Motions to dismiss under section 2-619 of the Illinois Code of Civil Procedure allow "for a threshold disposition of questions of law and easily proven issues of fact." <u>Webb v. Damisch</u>, 362 Ill. App. 3d 1032, 1037 (1st Dist. 2005) (citation omitted). For purposes of the motion, "[a] section 2-619 motion admits the legal sufficiency of the complaint and raises other defects or defenses that defeat the claim." <u>Krueger v. Lewis</u>, 359 Ill. App. 3d 515, 520 (1st Dist. 2005). Among other reasons, section 2-619 motions to dismiss can be brought based on lack of subject matter jurisdiction or based on "other affirmative matter avoiding the legal effect of or defeating the claim." <u>See</u> 735 ILCS 5/2-619(a)(1) and (9). Affirmative matters "must be apparent on the face of the complaint or supported by affidavits or other evidentiary materials." <u>Webb</u>, 362 Ill. App. 3d at 1037.

6.     In the present case, Jaime Hernandez has filed the Complaint, pro se, on behalf of his own trucking company, Aztec Trucking, Inc. and six other trucking companies. Mr. Hernandez indicated that he was filing pro se in the Attorney Number space on both the Summons and Complaint served on Plaintiffs. <u>See</u> Complaint and Summons for Defendant City of Chicago, attached as Ex. A. Thus, it is evident from the face of the Complaint that Hernandez is attempting to proceed pro se on behalf of the seven trucking companies named in the caption

2

of the Complaint.[1]

7.      Pro se plaintiffs can only represent themselves "in their proper persons," and cannot hold themselves out as "provid[ing] legal services." See 705 ILCS 205/11 and 205/1.

8.      Since laypersons can only represent themselves, "[o]ne not duly authorized to practice law may not represent another in a court of law." Blue v. People, 223 Ill. App. 3d 594, 596 (2d Dist. 1992); see also Nat'l Bank of Austin v. First Wisc. Nat'l Bank of Milwaukee, 53 Ill. App. 3d 482, 488 (2d Dist. 1977) ("Illinois law requires that all who represent others in courts of law be attorneys at law."); 705 ILCS 205/11. If a layperson does try to represent someone else, "the suit should be dismissed." Blue, 223 Ill. App. 3d at 596. Since Hernandez, as a layperson, is trying to represent both his own trucking company and other trucking companies, the Complaint should be dismissed as to all Plaintiffs.

9.      Hernandez not only is prohibited, generally, from representing "others," but, more specifically, "Illinois law provides that a corporation [such as Aztec Trucking, Inc. and the six other trucking companies] must appear by counsel in legal proceedings and that any action filed without an attorney is null and void ab initio." Siakpere v. City of Chicago, 374 Ill. App. 3d 1079, 1081 (1st Dist. 2007); Housing Authority of County of Cook v. Tonsul, 115 Ill. App. 3d 739, 740-42 (1st Dist. 1983); see also Illinois Secretary of State Corporation File Detail Report

---

[1]      Likewise, a lawyer search of the website for the Attorney Registration & Disciplinary Commission of the Supreme Court of Illinois (the "ARDC") showed no attorneys in the ARDC database matching "Jaime Hernandez." See November 20, 2007 ARDC Searches for "Jaime Hernandez," "Hernandez" and "Calumet City," and "Hernandez" and "Chicago" attached as Ex. B; see also Village of Riverwoods v. BG Ltd. Partnership, 276 Ill. App. 3d 720, 724 (1st Dist. 1995) (stating "[a] court may take judicial notice of facts when addressing a section 2-619 motion[]" and that "[j]udicial notice is proper where the document in question is part of the public record and . . . will aid in the efficient disposition of a case.")

for Aztec Trucking, Inc. (showing Aztec Trucking, Inc. as corporate entity with Jaime Hernandez serving as President and Agent), attached as Ex. C.[2] Therefore, on that specific basis and based on the general prohibition on the pro se representation of others, Mr. Hernandez cannot represent his own company or any other companies before this Court. As a consequence, Plaintiffs' Complaint should be dismissed.[3]

## II.    2-615 Motion to Dismiss

### A.    Plaintiffs have failed to present a legally or factually sufficient complaint.

10.    A section 2-615 motion to dismiss "attacks the legal sufficiency of the plaintiffs' complaint based on defects apparent on the face of the complaint." Guinn v. Hoskins Chevrolet, 361 Ill. App. 3d 575, 586 (1st Dist. 2005). For such a motion, the Court determines "whether the allegations of the complaint, when viewed in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted." Vernon v. Schuster, 179 Ill.2d 338, 344 (1997). For a section 2-615 motion, "the court must accept as true all well-pleaded facts and all reasonable inferences that can be drawn from those facts[,]" but "may disregard legal and factual conclusions unsupported by allegations of fact." Guinn, 361 Ill. App. 3d at 586.

11.    Illinois law "requires that a plaintiff present a legally and factually sufficient

---

[2]    See Maldonado v. Creative Woodworking Concepts, Inc., 296 Ill. App. 3d 935, 938 (3d Dist. 1998) (stating courts may take judicial notice of public records of Secretary of State); Country Companies v. Universal Underwriters' Ins. Co., 343 Ill. App. 3d 224, 229 (3d Dist. 2003) (taking judicial notice of filing with Secretary of State).

[3]    The same prohibitions on pro se representation of others applies to class actions as well. See, e.g., People v. Property Tax Appeal Bd., 22 Ill. App. 3d 316, 320 (2d Dist. 1974) (stating "a lay person, is privileged to appear on her own behalf but she has no such privilege or authority to represent in courts of law other persons or a class unless admitted to the practice of law.")

4

complaint." Id. In particular, since Illinois is a fact-pleading jurisdiction, "[a] plaintiff must allege facts sufficient to bring his or her claim within the scope of the cause of action asserted." Vernon, 179 Ill.2d at 344.

12.   A party appearing pro se has to follow the same procedural rules as a licensed attorney. See Dombrowski v. City of Chicago, 363 Ill. App. 3d 420, 425 (1st Dist. 2005) (finding that "a party's pro se status does not relieve his or her of the burden of complying with the procedural rules."); Epstein v. Galuska, 362 Ill. App. 3d 36, 39 (1st Dist. 2005).

13.   Plaintiffs' one-page, handwritten Complaint is not legally sufficient. The Complaint (i) does not set out any causes of action, separate or otherwise, (ii) is not set out in consecutively numbered paragraphs, and (iii) does not set out any specific prayers for relief. See Complaint at Ex. A; see 735 ILCS 5/2-603 (stating that all pleadings "shall contain a plain and concise statement of the pleader's cause of action[,]" with [e]ach separate cause of action . . . [to] be stated in a separate count" and each count to be "divided into paragraphs numbered consecutively, each paragraph containing, as nearly as may be, a separate allegation."); see 735 ILCS 5/2-604 (requiring that "[e]very count in every complaint and counterclaim shall contain specific prayers for the relief to which the pleader deems himself or herself entitled[.]").

14.   Plaintiffs' Complaint should be dismissed for failing to set forth any causes of action. See 735 ILCS 5/2-603 (requiring proper complaint to contain causes of action); see also People v. Carriage Way West, Inc., 88 Ill.2d 300, 308 (1981) (stating that, to be legally sufficient, a complaint "must set forth a legally recognized claim as its avenue of recovery. When it fails to do this, there is no recourse at law for the injury alleged, and the complaint must be dismissed.").

15.    Likewise. Plaintiffs' Complaint should also be dismissed for failing to provide any prayers for relief and not letting either the Court or Defendants know what they are seeking by their lawsuit.. See 735 ILCS 5/2-604 (requiring proper complaint to contain prayer(s) for relief); see also Layton v. Miller, 25 Ill. App. 3d 834, 836-37 (5th Dist. 1975) (finding petition that contained no formal prayers for relief was not "a plain concise statement of the pleader's cause of action" as required by law).

16.    Finally, to the extent Plaintiffs' Complaint relates to any alleged contracts with the City, Plaintiffs were legally required to attached any such contracts as exhibits to the Complaint. See 735 ILCS 5/2-606 ("If a claim or defense is founded upon a written instrument, a copy thereof, or of so much of the same as is relevant, must be attached to the pleading as an exhibit or recited therein[.]") (emphasis added); see. e.g., Rollins v. Gen'l American Transp. Corp., 46 Ill. App. 2d 266, 273 (1st Dist. 1964) (finding under Illinois Code of Civil Procedure, Plaintiff alleging existence of contract must attach the same or state its relevant terms in his complaint).

17.    Plaintiffs' one-page, handwritten complaint is also factually insufficient. To bring a factually sufficient complaint, a plaintiff "must allege facts sufficient to bring his or her claim within the scope of the cause of action asserted." Vernon, 179 Ill.2d at 344; see also Carriage Way West, 88 Ill.2d at 308. Not only do Plaintiffs not allege any causes of action, but the mish-mash of facts presented in Plaintiffs' Complaint does not even fall within any hypothetical cause of action (e.g. "The city also required gas on our trucks and mandatory recertification of our equipment."). Id.; see Complaint at Ex. A. As a consequence, having brought a Complaint, lacking facts sufficient to bring claims within the scope of causes of action (causes of action that have not even been asserted), Plaintiffs' Complaint should be dismissed.

18.    Furthermore, it is unclear which allegations, if any, apply to Paul Volpe, Tom Kness, or Mayor Richard M. Daley, as individual defendants (albeit in their official capacity), as not one of them is mentioned by name in the body of the Complaint.

**B.    Even if Plaintiffs had brought a legally and factually sufficient Complaint, any claims relating to any alleged breach of contract based on termination of the Hired Truck Program would be dismissed.[4]**

19.    Even if Plaintiffs had properly alleged a breach of their alleged contracts based on termination of the Hired Truck Program, any such claim lacks merit and should be dismissed.

20.    The City's right to terminate the Hired Truck Program is expressly stated in the Program's rules. The Hired Truck Program Rules (the "Rules") explicitly state that "[t]he city has the right to change the rules of the Hired Truck Program and to terminate the Hired Truck Program at any time." See April 2004 Hired Truck Program Rules at I-2, attached as Ex. D; see Busch v. Bates, 323 Ill. App. 3d 823, 832 (5th Dist. 2001) (stating that "courts may take judicial notice of an agency's rules and regulations as matters of public record."); Acme Brick and Supply Co. v. Dep't of Revenue, 13 Ill. App. 3d 757, 762 (2d Dist. 1985). The Rules go on to say that:

> the City has the right to terminate or modify the Hired Truck Program at any time and that any expenses or risks incurred by the Company, including equipment leases and purchases, are exclusively those of the Company and are not the responsibility of the City

See Rules at I-2, Ex. D. The Rules further state that "[b]y submitting his application, the Company agrees to adhere to the Hired Truck Program rules, as described above and in the

---

[4]    In seeking dismissal on all of the above grounds, Defendants reserve all other arguments or affirmative defenses, whether procedural or on the merits, that they might have in defense to Plaintiffs' Complaint. Such arguments might include, but are not limited to, the alleged acts by Defendants being within and pursuant to the Hired Truck Program Rules, to which Plaintiffs agreed to adhere.

application form." Id.

21.     The only court to consider a contract-related claim brought by a participant in the Hired Truck Program dismissed the claim. In Dietz's. Inc. v. City of Chicago, a Northern District of Illinois District Court found that participants in the Hired Truck Program did not even have a contract to be breached. See No. 05 C 684, 2005 WL 2592550, at *3 (N.D. Ill. Oct. 11, 2005) (finding Hired Truck Program "rules did not create a contract between Dietz's and the City" since "compliance with the Program's requirements and subsequent placement on the Hired Truck list did not guarantee that a company would receive work from the City."), attached as Ex. E; see also Rules at I-2 ("submitting this application does not guarantee admission to or participation in the Hired Truck Program."). The Dietz's court further found that the termination language contained in the Hired Truck Program Rules eliminated any trucking company claims to future City business. See Dietz's, 2005 WL 2592550 at *4 ("Through such language, the City effectively disavowed any intention of providing continuing participation in the program to any company or maintaining the program in perpetuity.").

22.     Therefore, even if Plaintiffs had been able to properly allege any claims, to the extent those claims would have been based on breach of contract through termination of the Hired Truck Program, any such claims would be dismissed based on both the plain language of the Hired Truck Program Rules and on the District Court case law.

WHEREFORE, for the reasons stated herein, Defendants the City of Chicago, Tom Kness, Paul Volpe, and Mayor Richard M. Daley respectfully request that this Court dismiss Plaintiffs' Complaint pursuant to both 735 ILCS 5/2-619 and 735 ILCS 5/2-615 and grant

Defendants such other relief as the Court deems just and proper.

DATED: November 26. 2007

Respectfully submitted,

Mara S. Georges, Corporation Counsel, for
the CITY OF CHICAGO, TOM KNESS, PAUL
VOLPE, and MAYOR RICHARD M. DALEY

BY: _____
One of Their Attorneys

Mardell Nereim
John F. Schomberg
Constitutional and Commercial Litigation Division
City of Chicago Department of Law
10 North La Salle Street, Suite 1230
Chicago, IL  60602
(312) 744-6975/(312) 742-5147
Attorney No. 90909

CCM N008-150M - 1/21/04 (3335092)

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Jaime Hernandez d/b/a Aztec Trucking, Inc;
Peter Nelson d/b/a Nelson Trucking; Robert
Sanderson d/b/a Sanderson Trucking; Connie
Shaw d/b/a Tex's Trucking, Inc; James William
Hdefa J's Wauto parts Sales, Inc;
John Howell d/b/a Howell Trucking Limited
Hemon Lacy d/b/a Lacy Enterprises

**Plaintiff(s)**

v.

City of Chicago, Tom Kress, Paul Volpe
(Fmr Hired Truck program fmr. Budget Director (CCM)
Mayor Richard M. Director)
Daley

**Defendant(s)**

No. **07 CH 26147**

Contract 6158, 6200, 6205; 6801; 615
6286

Amount Claimed $ 400,000

Return Date _____

**COMPLAINT**

**The Plaintiff(s) claim(s) as follows:** We were participants in the City of Chicago's Hired Truck Program when the City of Chicago broke our contracts by firing us and ending he program. The city claimed that they could save millions by ending the Hired new program and lease tractors and trailers from companies such as Will Rent and S.E.S. A meeting with officials from the Hired Truck Program was held, in which we proposed several ideas to them; that if they kept us on, that it would eat a savings to Taxpayers, instead of their idea of leasing the equipment, which oes not save because the city is paying them twice as much. Some of the as that we proposed were: To become union; a small rate increase of $5.00 offset the high cost of liability insurance ($2 million); and faster payment for r work that had already been completed. (On one occasion we waited one year for payment). Everything that we asked for was not unreasonable, despite working new 1999 for the same rates, we were turned down. The city required us to certify and to pay a $250 recertification fee, it was not time to recertify yet city also required GPS on our trucks and mandatory recertification of our equipment. Keeping drivers was virtually impossible as the city placed around ith our money and also with the work they gave us, some companies that were i e program went in so much debt that some went bankrupt. Inspectors were sent to r business, our trucks were followed, we were discriminated by the city of Chicago only rounds that at the time the city fired us, there were mostly minority companies left s all had to do with clout and corruption, those who have clout and participate in corruption e still working for the city of Chicago in one form or another.

I, __Jaime Hernandez__, certify that I am the _____
**(Name)**

**(Name of Attorney if applicable)**

plaintiff in the above entitled action. The allegations in this complaint are true.

Initial

Atty. No.: **Pro Se 99500**    **Pro Se 99500**

**Atty. (or Pro Se Plaintiff)**

Name: __Jaime Hernandez__

Address: __318 Saginaw__

City/State/Zip: __Calumet City IL 60409__

Telephone: __(312) 215-5990__

Dated: _____

**Signature** _____

☐ Under penalties as provided by law pursuant to 735 ILCS 5/1-109 the above signed certifies that the statements set forth herein are true and correct.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

FILED

J.N

JAN X 3 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## US DISTRICT COURT NORTHERN DISTRICT

TO: City of Chicago
John F. Schomberg
Mardell Nereim
Corporation Counsel
30 North LaSalle St.
Chicago, IL 60602

Paul Volpe    Tom Kness    Mayor Richard M. Daley

08cv51
Judge HIBBLER
Mag. Judge KEYS

---

### NOTICE OF CONCURRENT JURISDICTION FILING AND MOTIONS

To above named Respondents, or attorney(s) of record, the undersigned has filed **(1.) Removal Motion; (2.) Motion to Consolidate; (3) Affidavit of Mayor Daley;** has been filed in this U.S District Court, establishing reciprocal jurisdiction of this matter and answer filed in the Circuit Court of Cook County, Chicago, Illinois, (Notices Attached), and that on January 11, 2008, in Room 2008, of the Daley Center, Chicago, Illinois, before Judge Martin, or any judge sitting in his stead, judgment may be entered against you, but no later than February 11, 2008, shall the Cook County, Illinois court enter a final order in this, upon such entry of final order, jurisdiction of this matter will be removed to the U.S District Court, Chicago, Illinois, for ratification of judgment, as may be assigned in accord with the District Court's rules.

Pro Se James Williams d/b/a J & W Auto Parts and Sales by Sharone Jules

### Certification of Service

I, James Williams had mailed, by U.S First Class Postage, prepaid, to the above attorney of record.

Certified and sworn to be true

James Williams d/b/a J & W Auto Parts and Sales by Sharone Jules
7655 S. Michigan
Chicago, IL 60619

# EXHIBIT D

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 52 | **DATE** | 1/29/2008 |
| **CASE TITLE** | HERNANDEZ vs. CITY OF CHICAGO, et al | | |

**DOCKET ENTRY TEXT**

Status hearing held. Defendant City of Chicago's oral motion to remand is granted. It is hereby ordered that this case is remanded to Circuit Court of Cook County. This case is terminated. Any pending motions or schedules are stricken as moot.

Docketing to mail notices.

| | Courtroom Deputy Initials: | CG |
|---|---|---|

# United States District Court
## Northern District of Illinois
### Eastern Division

| | |
|---|---|
| HERNANDEZ | **JUDGMENT IN A CIVIL CASE** |
| v. | Case Number: 08 C 52 |
| CITY OF CHICAGO, et al | |

☐      Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■      Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that   case is ordered remanded to Circuit Court of Cook County.  This case is terminated.

Michael W. Dobbins, Clerk of Court

Date: 1/29/2008

_____
/s/ Carole J. Gainer, Deputy Clerk

# EXHIBIT E

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 56 | **DATE** | January 10, 2008 |
| **CASE TITLE** | *Lacy v. City of Chicago* | | |

**DOCKET ENTRY TEXT:**

This case is dismissed as duplicative of 08 C 52.  The clerk is directed to return the filing fee to the plaintiff.

■[ For further details see text below.]

## STATEMENT

This matter is before the court pursuant to 28 U.S.C. § 1446(c)(4), which requires the court to examine notices of removal to determine if removal is proper.  The pro se document opening this case is styled as a notice of removal. Cases can be removed from state court to federal court when a plaintiff sues a defendant in state court and federal jurisdiction (*i.e.*, the power to hear a case) exists because either: (1) the parties are from different states and the amount in controversy exceeds $75,000; or (2) the state court complaint seeks relief under federal law.  If either of those scenarios exist, all of the defendants (*not* the plaintiff, who chose a state court forum when he filed his complaint in state court) can remove the case to federal court.   In this instance, however, the plaintiff has filed a notice of removal and appear to be trying to shift his state court case to federal court so this court can revisit decisions made by the state court.

As a general matter, federal district courts may not exercise jurisdiction in an appellate capacity over the state court judicial process.  *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. Of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  This principle is known as the *Rooker-Feldman* doctrine.  Normally, the court would construe this filing as a complaint and then consider whether an independent basis for federal jurisdiction exists and whether the *Rooker-Feldman* doctrine bars the plaintiff's claims.  However, the court noticed that the plaintiff filed an identical complaint (No. 08 C 52), which was assigned to Judge Guzman (the court also notes that the plaintiff filed two other cases – Nos. 08 C 53, 08 C 54 – which appear to be related and were assigned to Judge Gottschall).  Because this case is duplicative of the lower-numbered case before Judge Guzman, it is hereby dismissed.

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

# EXHIBIT F

Order                                    CCG N002-300M-2/24/05 (                    )

---

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Jaime Hernandez d/b/a Aztec
Trucking et al.,

        v.

City of Chicago et al.,

           No. 07 CH 26147

           Judge LeRoy K. Martin, Jr.

           JAN 31 2008

      ORDER        Circuit Court - 1844

Now come the parties on Defendants' Motion to Dismiss Pursuant to Section 2-619.1, notice being given, and the Court being duly advised in the premises, IT IS SO ORDERED:

(1) Plaintiffs' Complaint is dismissed, without prejudice, because

    (a) as companies, Plaintiffs cannot be represented pro se, and

    (b) Plaintiffs' complaint is both legally and factually deficient.

Atty. No.: 90909

Name: John Schomburg

Atty. for: ~~City of Chicago~~ Defendants

Address: 30 N LaSalle, St. 1230

City/State/Zip: Chicago, IL 60602

Telephone: 312-744-9010

ENTERED:

Dated: _____, _____

_____
Judge                                    Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

ORIGINAL - COURT FILE