IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES WILLIAMS d/b/a J&W AUTO PARTS AND SALES, et. al., ] | |
| v ] | 08 C 00051 |
| THE CITY OF CHICAGO, et. al. ] | |

And as removed, with concurrent and reciprocal jurisdiction in;

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS – CHANCERY DIVISION**

| | |
|---|---|
| JAIME HERNANDEZ d/b/a AZTEC TRUCKING INC., et al., ] | |
| v ] | 07 CH 26147 |
| THE CITY OF CHICAGO, et. al. ] | |

## PETITION FOR A SPECIAL WRIT
## WRIT OF MANDAMUS

   Comes now, Jaime Hernandez d/b/a Aztec Trucking Inc., Pro Se' Plaintiff in the above captioned matters, both are consolidated concurrent reciprocal jurisdiction matters of record in both Courts, and petitions The United States District Court for The Northern District of Illinois, Eastern Division, Chicago, Illinois, by and through any sitting Judge lawfully entitled to adjudicate matters within the jurisdiction of The U.S. District Court, Chicago, Illinois, to mandate and order the same U.S. District Court, Chicago, Illinois exercise and administer lawful concurrent and reciprocal jurisdiction of the above captioned matters by vacating, revoking, rescinding and /or modifying the unlawful and improper remand order allegedly entered by Judge Ronald Guzman, U.S. District Court, Chicago, Illinois, case # 08 C 0052, with no jurisdiction, ex parte', Pro Se' Plaintiff Hernandez not being present, and the matter still pending before the Illinois Circuit Court, and not yet removed from that court's jurisdiction, to this Court's jurisdiction, on !/29/08, and additionally, by vacating, revoking, rescinding and/or modifying the remand order entered in the consolidated case of record, #08 C 0051, but only that portion or degree of the remand order affecting this Plaintiff's case #08 C 0052, consolidated with all severability of fact and judgment by this Court's rules and the action of the Illinois Circuit Court, entered at hearing on 2/06/2008, by Judge Hibbler in the U.S. District Court, Chicago, Illinois, as Judge Hibbler, apparently relying on the unlawful, ex parte' and non-jurisdictional remand order in my case # 08 C 0052, improperly ordered opposing counsel to return to this Pro Se' litigant all filings and pleadings served on Respondents at the consolidated cases hearing, and halted and denied me to speak any further, as my case was already remanded to the Illinois Court, and further, this Petitioner moves this court to mandate and order this court to complete the adjudication of these Consolidated, Concurrent and Reciprocal Jurisdiction matter, case #08 C 0052, by rectifying and over-ruling the Dismissal order of the Cook County Illinois Circuit Court, and with the entry of a judgment against the Respondents, including Mayor Richard M. Daley should he admit or fail to deny his personal knowledge and/or participation with his subordinates malfeasant/misfeasant actions.
   Petitioner Hernandez is proceeding Pro Se', not a licensed attorney, and not learned in the law, and moves this court to grant leave to this Pro Se', to correct and amend this Petition before this court should dismiss or strike this Petition.

   In support of this Petition Hernandez states the following;

1. Hernandez requests this court take Judicial Notice of all the pleadings of his case, in both jurisdictions, as well as the corrected docket history in case #07 CH 26147, in The Cook

County, Illinois Circuit Court and in case #08 C 0052, U.S. District Court, Chicago, Illinois.

2. Petitioner moves this court take Judicial Notice of Federal Rules and Statutes for Concurrent Reciprocal Jurisdiction procedures.

3. Hernandez moves this Court take Judicial Notice of Concurrent and Reciprocal Jurisdiction Rules and Statutes as detailed in The Illinois Revised Statutes and in the Illinois Compiled Statutes.

4. Pursuant to both Courts' Rules Reciprocal Jurisdiction is established by any party invoking the status in the initial complaint, response, first amended pleadings, answer to a cross complaint, answer and/or response to motion for summary judgment.

5. Reciprocal jurisdiction, works both ways, when the invoking party, either Plaintiff or Respondent, files a Remand Motion or Removal Motion, in the reciprocating court, and has up to 120 days after the court with initial jurisdiction has entered a final order to file the appropriate motion, either Removal or Remand, with the reciprocating court.

6. Concurrent and Reciprocal Jurisdiction is perfected when the invoking party files the appropriate motion in both jurisdictions, and that motion, either Remand or Removal, remains pending in both courts, until the court with initial jurisdiction enters a final or dispositive order, whereat the Remand or Removal Motion becomes effective, instantly.

7. Neither opposing party, Plaintiff or Respondent, may file a cross motion for Remand or Removal to nullify a pending motion with Concurrent and Reciprocal Jurisdiction status.

8. No action or litigation having properly established and perfected Concurrent and Reciprocal Jurisdiction status may be dismissed.

9. All courts are prohibited from entering an opposing remand or removal order to nullify a concurrent and reciprocal jurisdiction motion.

10. No remand order is appeal able.

11. On September 19, 2007, seven Pro Se', non-attorney filed an initial complaint seeking payment of trucking contract shortages, including this Petitioner Hernandez.

12. Respondents filed a Motion To Dismiss, on 11/26/2007, as a Motion For Summary Judgment.

13. The Illinois Circuit Court advised all parties of the availability of Concurrent and Reciprocal Jurisdiction, on 12/03/2007, and also granted leave to the seven Plaintiffs to amend the initial complaint in answer.

14. Only six Plaintiffs answered invoking Reciprocal Jurisdiction statutes, on 12/24/2007.

15. Both Federal and Illinois Law require a court to view any failure to deny an allegation or accusation within thirty days as a full admission and confession to the allegation or accusation.

16. As of 1/24/08, all Respondents admitted the entry of a "No Contest" plea.

17. On that same day, 1/24/08, all Respondents confessed their denial of the supremacy clause of the U.S. Constitution is an unlawful pleading.

18. Respondents' could have availed themselves to the legal remedy of Withdrawing the Motion To Dismiss, on or before, 01/24/2008.

19. All Respondents have waived appeal rights.

20. This court may not remand case#08 C 0052, to the Circuit Court of Cook County, Illinois.

21. Including Jaime Hernandez, only five of the Pro Se' Litigants properly established and perfected Concurrent and Reciprocal Jurisdiction on, 1/03/2008, with a Removal Motion Pending in both courts.

22. Hernandez moves this court take Judicial Notice of the Motion To Consolidate, granted ex post facto by the Illinois Court on 1/11/2008.

23. Hernandez incorporates a "MOTION TO SPEAK AS FRIEND OF THE COURT" to be filed before Judge Joan Gotschall, on 2/7/08, in this court, into this Petition For Writ Of Mandamus and attached hereto.

24. Petitioner incorporates and combines this PETITION FOR SPECIAL WRIT into said Motion to speak as Friend of the Court and attaches this thereto.

25. Petitioner requests this Court take Judicial Notice of the Procedural Order entered by The U.S. Court of Appeals for the 10th Circuit, Minneapolis, Minnesota, stating a denial of a writ of Mandamus to vacate a remand order is appealable and a remand order may be thereby reversed.

26. The U.S. Court of Appeals for the Seventh Circuit, Chicago, Illinois is the Court with Appellate Jurisdiction of this Writ and this consolidated concurrent and reciprocal jurisdictional matter.

27. The 7th Circuit places appeals of special writs on a fast track to be decided between 10 and 25 days.

28. Petitioner Hernandez, and only Petitioner Hernandez, files this Petition, Pro Se'.

Wherefore Petitioner pleads this court grant the following relief;

29. Vacate the improper remand order of 1/29/2008, allegedly entered by Judge Guzman.

30. Vacate that portion of the remand order entered by Judge Hibbler, remanding that portion of the consolidated case 08 C 0051, affecting my case #08 C 0052.

31. Rectify and/or overrule the dismissal order entered by Judge Martin of 1/31/08, in the Illinois Court.

32. Accept the "No Contest" plea of all Respondents.

33. Enter judgment in favor of Hernandez and against respondents as detailed in the pleadings.

34. For such other relief this court may deem lawful and equitable.

The affiant not sayeth more.

Certified and sworn to be true,  2-7-08

*d/b/a Aztec trucking inc*
Pro Se', Jaime Hernandez d/b/a Aztec Trucking

Jaime Hernandez
Pro Se'
318 Saginaw, Calumet City, IL 60409